THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN R. PHILLIPS, Defendant-Appellant.

Fifth District   No. 5—01—0967

Opinion filed February 5, 2003.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James Creason, State's Attorney, of Salem (Norbert J. Goetten, Stephen E. Norris, and T. David Purcell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DONOVAN delivered the opinion of the court:

Steven R. Phillips (defendant) was found guilty at a stipulated bench trial in the circuit court of Marion County of home invasion and two counts of aggravated criminal sexual assault. He was sentenced to three consecutive 10-year prison terms. Defendant appeals his conviction, contending that the court erred in issuing a warrant for the seizure of samples of his blood and pubic hair. We affirm.

During the early morning hours of August 21, 2000, defendant broke into the victim's house through a window, took a knife from her kitchen, and entered her bedroom. Wearing a hood to hide his identity, defendant grabbed the victim by the mouth to prevent her from screaming, stuck the knife up to her throat, and removed her bed clothes. He then forced her to perform oral sex and engage in vaginal intercourse. Defendant subsequently fled the house, leaving the knife behind, and stole the victim's car. The victim immediately called the police and was taken to a hospital, where a rape kit was used to collect semen samples. Approximately a month later, the police obtained a search warrant for samples of defendant's blood and pubic hair. DNA testing conclusively established that the semen sample collected through the rape kit came from defendant. Defendant was later arrested and charged with various counts of home invasion and aggravated criminal sexual assault. After several continuances at defendant's request, defendant appeared in court and agreed to a stipulated bench trial. At the stipulated bench trial, the State presented sufficient facts which established beyond a reasonable doubt that defendant was the hooded individual who had broken into the victim's home and sexually assaulted the victim. Accordingly, defendant was found guilty of home invasion and two counts of aggravated criminal sexual assault.

On appeal, defendant contends that the State should not have been allowed to obtain his blood and hair samples. Defendant specifically argues that the complaint for the search warrant did not establish probable cause and therefore was insufficient for the trial court to issue the search warrant for blood and hair samples. According to defendant, if the State had not obtained the samples, the State would not have had any evidence identifying him as the perpetrator of the crimes. We disagree. The State obtained the search warrant for the samples based on the complaint for a search warrant prepared by Centralia police detective Simer. In the complaint, Detective Simer stated

that the victim described her attacker as a white male, wearing gloves and a hood, between 6 feet 1 inch tall and 6 feet 3 inches tall, of medium build, and in his early forties, judging by his voice. Defendant had been released from prison on August 11 and was seen less than a block from the victim's home the night before the assault. A neighbor identified defendant as the person she had seen sitting on a bicycle in front of the victim's home at 8 p.m. the night of the assault. According to the neighbor, defendant was looking at the victim's house and the window by which the assailant later entered the house. The complaint also stated that the victim's car had been recovered two blocks from a house where defendant was known to have stayed before his last arrest and that, during one of his arrests, defendant had been discovered wearing gloves and a black hood. The affidavit further noted that defendant had been a suspect in several burglaries in the victim's neighborhood before he was last sent to prison for burglary. The complaint concluded with the statement that defendant fit the physical description given by the victim in that he was 6 feet 2 inches tall, weighed around 200 pounds, and was 34 years old. The search warrant was issued, the samples were taken and analyzed, and defendant was charged by information with the crimes.

█ In reviewing the sufficiency of a complaint for a search warrant, it is only the probability, not a *prima facie* showing, of criminal activity that is the standard for probable cause to support the issuance of a search warrant. *People v. Beck*, 306 Ill. App. 3d 172, 178, 713 N.E.2d 596, 600 (1999); *People v. Lipscomb*, 215 Ill. App. 3d 413, 428, 574 N.E.2d 1345, 1354 (1991). The affidavits or evidence presented in support of a search warrant must be tested and interpreted in a commonsense and realistic manner, not in a legal, hypertechnical one. *Lipscomb*, 215 Ill. App. 3d at 428, 574 N.E.2d at 1354. And the sufficiency of the complaint is not to rest on whether each segment is complete in itself, but it rests on whether the complaint, considered as a whole, adequately establishes fair probability. *People v. Gacy*, 103 Ill. 2d 1, 22, 468 N.E.2d 1171, 1178 (1984). Finally, the determination of probable cause should not be disturbed on review unless it is manifestly erroneous. *Lipscomb*, 215 Ill. App. 3d at 428, 574 N.E.2d at 1354. We cannot say that the trial court's determination is manifestly erroneous in this instance.

█ Probable cause for the issuance of a search warrant exists when the facts and circumstances known to the affiant are sufficient to justify a person of reasonable caution to believe that an offense has been committed and that evidence of such offense can be found on the premises or person to be searched or from the items to be collected. See *People v. Griffin*, 178 Ill. 2d 65, 77, 687 N.E.2d 820, 829 (1997);

*People v. Kneller*, 83 Ill. App. 3d 325, 327, 403 N.E.2d 1252, 1253 (1980). Defendant does not dispute that the affidavit at issue here would lead a person of reasonable caution to believe that a crime had been committed. Defendant instead maintains that the affidavit was insufficient to lead a person of reasonable caution to believe that samples of his hair and blood would provide some evidence relevant to the crime. The affidavit establishes, however, that the victim was sexually assaulted in her home and that defendant fit the physical description of the attacker and was seen sitting outside and looking at the front of the victim's home before the attack. One would expect that when oral and vaginal sexual assaults are alleged, hair, semen, and/or blood may be present, thereby establishing a sufficient nexus between the assault and the need for such evidence. See *Lipscomb*, 215 Ill. App. 3d at 429, 574 N.E.2d at 1355. In addition, the complaint stated that defendant had been arrested previously during an attempted burglary while he was wearing a hood and gloves, and he had been a suspect for several burglaries in the victim's neighborhood prior to his last being sent to jail. Considering the facts in their totality, a person of reasonable caution would certainly believe that defendant's blood and hair samples would likely provide some evidence of the crimes that had occurred.

■ Even if we were to find that the affidavit had not provided sufficient probable cause for the issuance of the search warrant, we still would uphold the trial court's ruling, given that the officer relied on the warrant in good faith. See *Lipscomb*, 215 Ill. App. 3d at 429, 574 N.E.2d at 1355. The good-faith exception prevents the suppression of evidence obtained by an officer acting in good faith and in reliance on a search warrant ultimately found to be unsupported by probable cause when the warrant was obtained from a neutral and detached judge, was free from obvious defects other than nondeliberate errors in its preparation, and contained no material misrepresentations. *Beck*, 306 Ill. App. 3d at 180, 713 N.E.2d at 602. Given the totality of the circumstances here, we cannot say that the judge was misled by any information in the affidavit, and the affidavit presented cannot be described as unreasonably deficient or unreasonably lacking in probable cause. Accordingly, the trial court's denial of defendant's motion to suppress was proper.

For the aforementioned reasons, we affirm the judgment of the circuit court of Marion County.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.